HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DISCOVERORG, LLC,

        Plaintiff,

v.

NEOREACH INC.,

        Defendant.

CASE NO. C18-5690RBL

ORDER

THIS MATTER is before the Court on Defendant NeoReach's Motion to Set Aside [Dkt. # 25] the Default Judgment [Dkt. #s 21 and 22] this Court entered in May 2019. NeoReach argues that its failure to defend the underlying lawsuit was the result of mistake, inadvertence, and excusable neglect. *See* Fed. R. Civ. P. 60(b). It argues that it had a defense to the underlying theft of trade secrets claim; it never agreed to pay a licensing fee and did not profit from its employee's admittedly unauthorized access to DiscoverOrg's database. It emphasizes that it there is no claim and no evidence of any contract between the parties.

DiscoverOrg argues and demonstrates that despite the glitch on initial service, NeoReach had notice of the lawsuit for more than a year—before the entry of default—and knew of the default judgment for 8 months, before it moved to vacate. It accurately claims that NeoReach's

claimed desire to settle rather than litigate was a conscious, tactical decision. It may have been a mistake, but it was not the result of excusable neglect or inadvertence. It does not explain why NeoReach waited so long to seek vacation of the judgment.

DiscoverOrg also persuasively argues that NeoReach has not demonstrated a meritorious defense to its trade secret claim. *See Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 752 F. App'x 406, 408 (9th Cir. 2018) (one seeking vacation of default judgment must present facts which, if true, constitute a defense to the underlying claim). The fact that NeoReach did not have a right, contractual or otherwise, to access DiscoverOrg's database is the very point—if there was a contract (specifically a licensing agreement), then the access would have been authorized. Because there was not, the access was wrongful. Nor is it a defense to claim that NeoReach did not profit from the access. One who steals something is not off the hook because the stolen property was not as valuable or useful as the thief had hoped.

Vacation of the default judgment is not warranted under Fed. R. Civ. P. 60(b)(1) or (6). The Motion was technically filed within a year of the default judgment, but given the timing of NeoReach's knowledge, this motion was not brought within a reasonable time. NeoReach has not established that it has a defense to DiscoverOrg's claim. Furthermore, DiscoverOrg would be prejudiced by the passage of time, which is solely attributable to NeoReach's strategy.

NeoReach's Motion to Set Aside Default Judgment [Dkt. # 25] is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of March, 2020.

Ronald B. Leighton
United States District Judge